# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| REBECCA ALEXANDER, a single woman,<br><br>Plaintiff,<br><br>v.<br><br>KING COUNTY, WASHINGTON, a county municipality; STATE OF WASHINGTON, one of the fifty states of the United States; BANK OF AMERICA, N.A., a national banking association; NORTHWEST TRUSTEE SERVICES, INC., a Washington corporation; U.S. BANK NATIONAL ASSOCIATION, as Trustee for Harborview Mortgage Loan Trust 2005-12, Mortgage Loan Pass-through Certificates, Series 2005-12 Trust; NATIONSTAR MORTGAGE, LLC, a foreign entity; JOHN DOE TRUSTEE; JOHN DOE TRUST; MERS, a foreign corporation,<br><br>Defendants. | Case No. C17-653-RSM<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

This matter comes before the Court on Plaintiff Rebecca Alexander's Motion for Reconsideration. Dkt. #22. Plaintiff moves the Court to "reconsider its order granting plaintiff's motion for remand (Dkt 21) to the extent this Court Order holds that remanding this case… moots Alexander's request for sanctions against [Defendants]." *Id*. at 1.

ORDER DENYING MOTION FOR RECONSIDERATION - 1

This case was removed on April 26, 2017. Dkt. #1. Plaintiff filed a Motion to Remand on May 9, 2017, noted for consideration on June 2, 2017. Dkt. #10. In that Motion, Plaintiff's "requested relief" was only for the Court to remand the case and "for an award of attorney fees pursuant to § 1447(c) for wrongfully removing this case to federal court." Dkt. #10 at 2. Relief under 28 U.S.C. § 1927 was not mentioned under the "requested relief" section. Later in the Motion, Plaintiff requested the Court award fees pursuant to § 1447(c) **and/or** sanctions pursuant to the Court's inherent power or § 1927. Dkt. #10 at 11 (emphasis added). All of the case law cited by Plaintiff refers to awards under §1447(c). Plaintiff's Reply failed to mention § 1927. *See* Dkt. #17.

On May 18, 2017, Defendants filed a Motion to Dismiss. Dkt. #12. Plaintiff filed a Response to Defendants' Motion to Dismiss, in part requesting sanctions under 28 U.S.C. §1927. Dkt. #19. *Id*.

On June 8, 2017, before the noting date for Defendant's Motion to Dismiss, the Court granted Plaintiff's Motion to Remand, denied the Motion to Dismiss as moot, and remanded this case. Dkt. #21. The Court also found that Plaintiff was entitled to fees and costs under 28 U.S.C. § 1447(c), and ordered Plaintiff to request those in a "Supplemental Motion for Attorney's Fees." *Id*. at 4. Plaintiff filed that Supplemental Motion and the instant Motion for Reconsideration on June 19, 2017. Dkt. #23.

Apparently not satisfied with fees under §1447(c), Plaintiff argues in the instant Motion that the Court failed to consider her "motion for sanctions… pursuant to 28 U.S.C. § 1927." Dkt. #22 at 2. Plaintiff argues that she needs such fees to compensate her for legal expenses in responding to the Motion to Dismiss. *Id*. at 3. Plaintiff misstates the legal standard for a motion for reconsideration in the Western District. *Id*. at 3-4 (citing, *inter alia,* Craig C. Reilly,

Interlocutory Orders: Getting it Right the Second Time, 22 Litig. 43, 44 (1996)). Plaintiff argues, confusingly, that "the Court made an error of law by finding Alexander's request for sanctions pursuant to to [sic] 28 U.S.C. 1927 was moot notwithstanding its vexatious and unreasonable nature given this Court had no subject matter jurisdiction to even consider the merits of such a motion until this Court had determined that the presumption against it having subject matter jurisdiction had been rebutted." Dkt. #22 at 4. Plaintiff expands upon the merits of her request for § 1927 sanctions. *Id*. at 4-8. Plaintiff argues that the Court "was not free to ignore its discretion, without explanation, where Alexander had raised it as an issue for this Court's consideration." *Id* at 7.

"Motions for reconsideration are disfavored." LCR 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id*.

Plaintiff never filed a separate motion requesting sanctions under 28 U.S.C. § 1927. Plaintiff's request for sanctions in her Response to Defendants' Motion to Dismiss was not heard because Defendants' Motion was found to be moot, but nothing in the Court's Order precluded Plaintiff from seeking the same fees under § 1447(c). In her Motion to Remand, Plaintiff requested fees under 28 U.S.C. § 1447(c) **and/or** 28 U.S.C. § 1927. The Court awarded fees under 28 U.S.C. §1447(c) because that was the proper basis for fees. Even now, Plaintiff fails to set forth sufficient evidence that Defendants "so multiplie[d] the proceedings… unreasonably and vexatiously," or otherwise exhibited conduct rising to the standards of 28 U.S.C. § 1927. As it stands, the Court believes that the assessment of fees under § 1447(c) is a sufficient deterrent and appropriate for this case. Pragmatically speaking, it is unclear to the

ORDER DENYING MOTION FOR RECONSIDERATION - 3

Court how the amount of fees awarded under the two statutes would differ. Plaintiff is not entitled to the same fees twice, once under each statute. Because the Court allowed Plaintiff to seek fees under § 1447(c), Plaintiff has not been prejudiced by the Court's Order.

Plaintiff has failed to convince the Court that its prior Order was "manifest error" and does not allege new facts or legal authority. Accordingly, having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff Rebecca Alexander's Motion for Reconsideration (Dkt. #22) is DENIED.

DATED this 20 day of June, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR RECONSIDERATION - 4