# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| REBECCA ALEXANDER, a single woman,<br><br>Plaintiff,<br><br>v.<br><br>KING COUNTY, WASHINGTON, a county municipality; STATE OF WASHINGTON, one of the fifty states of the United States; BANK OF AMERICA, N.A., a national banking association; NORTHWEST TRUSTEE SERVICES, INC., a Washington corporation; U.S. BANK NATIONAL ASSOCIATION, as Trustee for Harborview Mortgage Loan Trust 2005-12, Mortgage Loan Pass-through Certificates, Series 2005-12 Trust; NATIONSTAR MORTGAGE, LLC, a foreign entity; JOHN DOE TRUSTEE; JOHN DOE TRUST; MERS, a foreign corporation,<br><br>Defendants. | Case No. C17-653-RSM<br><br>ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION |

This matter comes before the Court on a Motion for Reconsideration filed by Defendants Nationstar Mortgage LLC ("Nationstar"), U.S. Bank National Association, as Trustee for Harborview Mortgage Loan Trust 2005-12, Mortgage Loan Pass-through Certificates, Series 2005-12 Trust ("U.S. Bank"), and Mortgage Electronic Registration Systems, Inc. ("MERS"). Dkt. #28. Defendants move the Court to reconsider its Order

ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION - 1

granting Plaintiff's Motion for Remand, Dkt. #21, specifically on the issue of an award of fees and costs under 28 U.S.C. §1447(c). *Id*. at 1.

This case was removed on April 26, 2017. Dkt. #1. Plaintiff filed a Motion to Remand on May 9, 2017, noted for consideration on June 2, 2017. Dkt. #10. In that Motion, Plaintiff requested relief pursuant to § 1447(c). Dkt. #10 at 2. Defendants opposed this Motion, arguing that remand was not justified, but failed to provide any argument as to why fees and costs under §1447(c) were inappropriate. *See* Dkt. #14.

On June 8, 2017, the Court granted Plaintiff's Motion to Remand and remanded this case. Dkt. #21. The Court found that Plaintiff was entitled to fees and costs under 28 U.S.C. § 1447(c), and ordered Plaintiff to request those in a "Supplemental Motion for Attorney's Fees." *Id*. at 4.

Defendants now move for reconsideration of the Court's Order granting remand, arguing that the Court must have "recognize[d] the objectively reasonable basis on which Defendants based the removal" because the Court "acknowledged the parties' arguments and relevant legal authority addressed in the parties briefs," but "in the end" the Court somehow concluded that remand was appropriate. Dkt. #28 at 2. Defendants argue that the Court can only award fees under §1447(c) where the removing party lacked an "objectively reasonable" basis for removal. *Id*. at 3.

"Motions for reconsideration are disfavored." LCR 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id*.

The Court finds that Defendants' arguments against §1447(c) fees could and should have been raised in their Response, which was silent on this issue. Defendants do not argue new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence. Further, Defendants fail to establish that the Court's award of these fees was manifest error. The Court has never "recognize[d] the objectively reasonable basis on which Defendants based the removal," as argued by Defendants, and thus the award of fees was not contrary to the record. The Court properly found that §1447(c) fees were proper given the lack of a federal cause of action in the pleadings.

Accordingly, having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Defendants' Motion for Reconsideration (Dkt. #28) is DENIED.

DATED this 26 day of June, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE