UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| REBECCA ALEXANDER, a single woman,<br><br>Plaintiff,<br><br>v.<br><br>KING COUNTY, WASHINGTON, a county municipality; STATE OF WASHINGTON, one of the fifty states of the United States; BANK OF AMERICA, N.A., a national banking association; NORTHWEST TRUSTEE SERVICES, INC., a Washington corporation; U.S. BANK NATIONAL ASSOCIATION, as Trustee for Harborview Mortgage Loan Trust 2005-12, Mortgage Loan Pass-through Certificates, Series 2005-12 Trust; NATIONSTAR MORTGAGE, LLC, a foreign entity; JOHN DOE TRUSTEE; JOHN DOE TRUST; MERS, a foreign corporation,<br><br>Defendants. | Case No. C17-653-RSM<br><br>ORDER GRANTING IN PART PLAINTIFF'S SUPPLEMENTAL MOTION FOR ATTORNEY'S FEES |

This matter comes before the Court on Plaintiff Rebecca Alexander's Supplemental Motion for Attorney's Fees under 28 U.S.C. § 1447(c). Dkt. #23. Defendants Nationstar Mortgage LLC ("Nationstar"), U.S. Bank National Association, as Trustee for Harborview Mortgage Loan Trust 2005-12, Mortgage Loan Pass-through Certificates, Series 2005-12 Trust

ORDER GRANTING IN PART PLAINTIFF'S SUPPLEMENTAL MOTION FOR
ATTORNEY'S FEES - 1

("U.S. Bank"), and Mortgage Electronic Registration Systems, Inc. ("MERS") oppose this Motion, arguing that the requested fees of $33,247.58 should be reduced to $3,000. Dkt. #30.

This case was removed on April 26, 2017. Dkt. #1. Plaintiff filed a Motion to Remand on May 9, 2017. Dkt. #10. In that Motion, Plaintiff requested relief pursuant to § 1447(c). Dkt. #10 at 2. On June 8, 2017, the Court granted Plaintiff's Motion to Remand and remanded this case. Dkt. #21. The Court found that Plaintiff was entitled to fees and costs under 28 U.S.C. § 1447(c), and ordered Plaintiff to request those in a "Supplemental Motion for Attorney's Fees, noted pursuant to LCR 7(d), and limited to six (6) pages and supported by documentary evidence reflecting the amount of fees and costs sought." *Id*. at 4. Defendants' briefing was also limited to six pages by the Court. *Id*.

On June 19, 2017, Plaintiff filed the instant Supplemental Motion, noted for same-day consideration instead of consideration on the third Friday after filing. Dkt. #23. This Motion, a single page, contains almost no facts or analysis. These can be found instead in the attached eight-page declaration of counsel. Dkt. #24. Documentary evidence supporting the amount of fees and costs sought are provided in an exhibit, *see* Dkt. #24-4, but Plaintiff also attaches a 13-page web article titled "Average Attorney Fees in 2017/How Much does a Lawyer Cost," which it cites for legal argument to support her counsel's requested hourly rate. *See* Dkt. #24-1; Dkt. #24.

As an initial matter, the Court notes that Plaintiff has not followed the Court's simple procedural instructions. She has failed to note the Supplemental Motion pursuant to LCR 7(d), failed to limit her briefing to six pages, and failed to limit exhibits to "documentary evidence reflecting the amount of fees and costs sought." Nevertheless, the Court has reviewed and considered Plaintiff's briefing and exhibits.

ORDER GRANTING IN PART PLAINTIFF'S SUPPLEMENTAL MOTION FOR
ATTORNEY'S FEES - 2

District courts have broad discretion to determine the reasonableness of fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). To make this determination, courts determine the "lodestar amount," which is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). The lodestar figure is presumptively a reasonable fee award. *Id.* at 977. The court may adjust the lodestar figure up or down based upon the factors listed in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir.1975). The court need not consider the *Kerr* factors, however, unless necessary to support the reasonableness of the fee award. *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1158 (9th Cir. 2002).[1] In the Ninth Circuit, "the determination of a reasonable hourly rate 'is not made by reference to the rates actually charged the prevailing party.'" *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007) (quoting *Mendenhall v. Nat'l Transp. Safety Bd.*, 213 F.3d 464, 471 (9th Cir. 2000)). "Rather, billing rates should be established by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity." *Id.* (internal quotation omitted). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). "The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting those hours…" *Welch*, 480 F.3d at 945-46 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983)). It is reasonable for a district court to conclude that the party

---

[1] Additionally, numerous courts have subsequently held that the bulk of these factors are subsumed in the lodestar calculation. *See, e.g., Blum v. Stenson*, 465 U.S. 886, 898-900, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984).

ORDER GRANTING IN PART PLAINTIFF'S SUPPLEMENTAL MOTION FOR ATTORNEY'S FEES - 3

seeking attorney's fees fails to carry its burden of documenting the hours expended when that party engages in "block billing" because block billing makes it more difficult to determine how much time was spent on particular activities. *Welch*, 480 F.3d at 948. The district court "should exclude any hours 'that are excessive, redundant, or otherwise unnecessary.'" *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (quoting *Hensley*, 461 U.S. at 434).

The Court will first address the requested hourly rate. Plaintiff's counsel, Scott Stafne, indicates via declaration that he charges $300 per hour, but requests that the "lodestar be adjusted upwards to $350.00 or $400.00 per hour," citing several irrelevant, unconvincing, or unnecessary sources, including the web article previously mentioned. Dkt. #24 at 4-8. Plaintiff does attach the relevant declaration of James Wexler, an attorney who operates in the same practice area and charges more than $300 per hour, but this serves only as a single data point. Dkt. #24-2. In Response, Defendants argue that $300 is an appropriate rate, and that this amount should not be increased because any "special skill and experience of counsel" is "deemed 'subsumed in the initial lodestar calculation.'" Dkt. #30 at 6 (citing, *inter alia*, *Albion Pacific Property Resources, LLC v. Seligman*, 329 F. Supp. 2d 1166 (2004)). The Court agrees with Defendants that any special skill or experience of counsel is subsumed into the initial lodestar calculation, and finds that $300 is an appropriate hourly rate in this case given the record.

The Court next turns to the reasonableness of the hours requested. The Court has reviewed the specific billing entries and finds that the majority of entries are duplicative, excessive or unnecessary, or contain block billing. *See* Dkt. #24-4 at 2-3. For example, in one entry, the only entry for May 7, 2017, Mr. Stafne billed his client 14 hours and 8 minutes for researching and drafting the Motion to Remand. *Id.* The next day, he billed 6 hours and 42

ORDER GRANTING IN PART PLAINTIFF'S SUPPLEMENTAL MOTION FOR
ATTORNEY'S FEES - 4

minutes for the identical task without any further description. *Id*. This is duplicative; it also block bills research and drafting. To bill 14 hours on a single task on a single day is incredible, *i.e.* not credible, given the average attorney's need to sleep, eat, and take breaks from the intensity of legal work.[2] Without a lengthier description it is insufficient to meet Plaintiff's burden to document the hours spent. *See Welch*, 480 F.3d at 945-46. Moving along, the total number of hours for drafting the Motion to Remand, 20 hours and 50 minutes, strikes the court as grossly inflated given Mr. Stafne's self-proclaimed skill level and years of experience in cases such as this. *See* Dkt. #24. Mr. Stafne similarly billed 13 hours and 45 minutes for the Response to Defendants' Motion to Dismiss on June 4, 2017, and 5 hours and 7 minutes on the following day for the identical task. Dkt. #24-4 at 2. These two filings, the Motion to Remand and the Response to the Motion to Dismiss, contain many unnecessary tangents of law. *See, e.g.,* Dkt. #10 at 4-5 (discussing Ms. Alexander's loss of procedural rights under GR 33 when her case was removed to federal court); Dkt. #10 at 10 (discussing the history of the ADA); Dkt. #19 (a section titled "The Separation of Powers Doctrine Limits This Court's Authority to Interfere with Ms. Alexander's Rights to be Free From Federal Court's Intrusion into her Life and Liberties Unless Such Intrusion is Authorized by the Other Two Branches of Government").[3] Many other entries are excessive. Turning to the final set of billing entries, the Court does not find it appropriate to award fees for Plaintiff's failed Motion for Reconsideration or for time spent preparing the instant Supplemental Motion, as these entries are duplicative, unnecessary, excessive, and contain block billing.[4] *See* Dkt. #24-4 at 3. In

---

[2] Remarkably, Mr. Stafne went on to submit an even longer billing entry, 15 hours and 27 minutes, for a single task on a single day, May 31, 2017, for drafting a six-page Reply brief. *See* Dkt. #24-4 at 2.
[3] The Court notes that the dispositive legal analysis in this case was not overly complex; the Court was able to grant remand with just a few sentences of analysis. *See* Dkt. #21 at 3.
[4] Plaintiff's counsel spent over 25 hours on the instant Supplemental Motion. All Plaintiff had to do in the instant Motion was give the legal standard for awarding attorney's fees, attach documentary evidence of the hours billed, and attach evidence to support the hourly rate. This could easily have been accomplished in four hours.

ORDER GRANTING IN PART PLAINTIFF'S SUPPLEMENTAL MOTION FOR
ATTORNEY'S FEES - 5

sum, looking at Plaintiff's total fees request, $33,247.58 for over 116 hours, the Court is convinced that this amount is wildly disproportionate to the work needed on this case and, taken in the most charitable light, reflects scores of hours spent doing unnecessary, irrelevant work.[5]

The Court has a basis to cut nearly every submitted billing entry, leaving Plaintiff with little or no fee award. Defendants charitably request that Plaintiff's award be limited to ten hours at $300 per hour. The Court agrees with this assessment. Plaintiff has the burden to support her fees request with evidence. While Mr. Stafne may have spent more than ten hours performing necessary work on this case, his billing records do not aid the Court in locating where those hours can be found.

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Supplemental Motion for Attorneys' Fees (Dkt. #23) is GRANTED IN PART as stated above. Defendants shall pay Plaintiff $3,000 in attorney's fees.

DATED this 11 day of July, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

---

[5] The Court also notes Defendants' argument that time spent drafting the Response to the Motion to Dismiss is not recoverable under § 1447(c) as it was only "tenuously related" to the removal and reflects fees that would have been incurred if the lawsuit had remained in state court. Dkt. #30 at 3 (citing *Beauford v. E.W.H. Grp., Inc.*, 2009 U.S. Dist. LEXIS 94985, at *19 (E.D. Cal. Sep. 28, 2009); *Baddie v. Berkeley Farms*, 64 F.3d 487 (9th Cir. 1995); *SRE-Cheaptrips, Inc. v. Netblue, Inc.*, 2007 U.S. Dist. LEXIS 65280, 2007 WL 2572166 (D. Idaho Aug. 31, 2007)). While the Court agrees with Defendants' analysis generally, it need not calculate the extent to which this Response brief reflected work that would have occurred in state court because the Court finds that the billing entries for this work are improper, and that any time spent on this project unique to the federal case is subsumed in the Court's ultimate award.

ORDER GRANTING IN PART PLAINTIFF'S SUPPLEMENTAL MOTION FOR
ATTORNEY'S FEES - 6