UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| REBECCA ALEXANDER, a single woman,<br><br>Plaintiff,<br><br>v.<br><br>KING COUNTY, WASHINGTON, a county municipality; STATE OF WASHINGTON, one of the fifty states of the United States; BANK OF AMERICA, N.A., a national banking association; NORTHWEST TRUSTEE SERVICES, INC., a Washington corporation; U.S. BANK NATIONAL ASSOCIATION, as Trustee for Harborview Mortgage Loan Trust 2005-12, Mortgage Loan Pass-through Certificates, Series 2005-12 Trust; NATIONSTAR MORTGAGE, LLC, a foreign entity; JOHN DOE TRUSTEE; JOHN DOE TRUST; MERS, a foreign corporation,<br><br>Defendants. | Case No. C17-653-RSM<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER GRANTING IN PART PLAINTIFF'S SUPPLEMENTAL MOTION FOR ATTORNEY'S FEES |

This matter comes before the Court on a Motion for Reconsideration filed by Plaintiff Rebecca Alexander. Dkt. #34. Plaintiff moves the Court to reconsider its Order granting in part Plaintiff's Supplemental Motion for Attorney's Fees. *Id*. Plaintiff argues the Court's conclusion that "[t]o bill 14 hours on a single task on a single day is incredible, *i.e.* not credible, given the average attorney's need to eat, sleep, and take breaks from the intensity of legal

work," Dkt. #32 at 5, is not "a credible legal conclusion supported by any evidence other than the Court's own views…" *Id.* at 2. Plaintiff lists as "facts" that "The Honorable Ricardo Martinez denied Alexander's request for attorney's fees because he did not believe her attorney, Scott E. Stafne (Stafne), worked the hours he claimed" and that "Judge Martinez indicated that no attorneys work (or can work) over 14 hours a day." *Id.* Plaintiff attaches several declarations purporting to provide new evidence of Mr. Stafne's work ethic. *See* Dkts. #35–#39.

"Motions for reconsideration are disfavored." LCR 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id.*

Plaintiff misconstrues the Court's reasoning. The Court never indicated that it would be impossible for an attorney to work over 14 hours a day. The issue was proper documentation. After the above "incredible" quote, the following sentence was "[w]ithout a lengthier description it is insufficient to meet Plaintiff's burden to document the hours spent." Dkt. #32 at 5. Plaintiff provided a threadbare, single billing entry to support what appeared to be a straight 14 hour billing session. This was (and remains) insufficient documentation.

Although Plaintiff now provides further information about Mr. Stafne's billing practices via declarations, Plaintiff has failed to show why this new evidence "could not have been brought to [the Court's] attention earlier with reasonable diligence." LCR 7(h)(1). This information could and should have been presented in the original Motion. However, to be clear, this evidence would not have addressed the many other problems with Mr. Stafne's billing entries. As described in the Order, the 14-hour billing entry was duplicative and block-

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER GRANTING IN PART PLAINTIFF'S SUPPLEMENTAL MOTION FOR ATTORNEY'S FEES - 2

billing, and the overall time spent was excessive. These are independent bases to strike Mr. Stafne's billing entries that are unaddressed in this Motion for Reconsideration. Plaintiff has failed to demonstrate manifest error. The Court will therefore deny this Motion.

Accordingly, having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Motion for Reconsideration (Dkt. #34) is DENIED.

DATED this 26 day of July, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE